[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 20-13093

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAL BERNARD BLACK,
a.k.a. Scooter,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:15-cr-00009-AW-GRJ-1

————————————————

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Hal Black appeals the district court's denial of his motion to reconsider its order denying his requests for sentence reduction, home confinement, and compassionate release. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Black and his codefendants, Ranell Carter Jr. and Tawanda LaKaye Burkett, ran a prostitution ring. As part of the ring, between August 5 and 19, 2014, they advertised the "escort" services of a fifteen-year-old girl under the false name "Tiffany" on the social media site Backpage.com.

On November 4, 2015, Black pleaded guilty to child sex trafficking, in violation of 18 U.S.C. sections 1591(a)(1), (b)(2), and 2. He was sentenced to one hundred thirty-five months in prison, to be followed by ten years of supervised release.

On April 10, 2020, Black mailed to the district court: a motion entitled "Motion for Modification of Term of Imprisonment Pursuant 18 U.S.C. [Section] 3582(c)(1)(A)(i) Compassionate Release and 18 U.S.C.[ Section] 3661 Supreme Court in *Pep[p]er v. United States* Decrease of Sentence Based on Rehabilitation"; a motion entitled "Motion for Modification of Term of Imprisonment Pursuant 18 U.S.C. [Section] 3582(c)(2) and 18 U.S.C.[ Section] 3661 Supreme Court in *Pep[p]er v. United States* Decrease of Sentence Based on Rehabilitation"; two handwritten sheets entitled "Factors

20-13093            Opinion of the Court                    3

for Personal Consideration"; a one-page document entitled "Request for [Twelve] Months [Residential Reentry Center] Placement per the Second Chance Act"[1]; a certificate of service; five exhibits; and a document entitled "Additional Claims to Consider Under [Section] 3553 Motion for Downward Departure." The five exhibits included: (1) a February 2016 radiology report for Black, a page of legal news about the CARES Act[2] and compassionate release, and Black's April 2020 request to the warden for compassionate release due to Covid-19; (2) a transcript of Black's inmate education data; (3) records from the Bureau of Prisons Psychology Services about Black's mental health; (4) parts of law enforcement reports about Black's prostitution ring; and (5) metadata about online advertisements for "Tiffany" and other girls and a list of items to be searched from cell phones.

On May 8, 2020, the district court issued an order denying Black's requests without prejudice. The district court construed Black's mailings as moving for a sentence reduction under 18 U.S.C. section 3582(c)(2) and *Hughes v. United States*, 138 S. Ct. 1765 (2018), and for home confinement and compassionate release due to the Covid-19 pandemic. The district court denied the section 3582(c)(2) motion because Black did not show that his sentencing range under the guidelines was lowered. It denied Black's

---

[1] Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657.

[2] Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281 (2020).

request for home confinement under the CARES Act because the Act did not authorize district courts to order home confinement. And it denied the request for compassionate release because Black did not show administrative exhaustion or extraordinary circumstances warranting release.  Black's circumstances were not extraordinary, the district court explained, because "[t]he C[ovid]-19 pandemic present[ed] risks to all"; "Black allege[d] generally that he [wa]s at greater risk based on certain health conditions[, b]ut he [did] not show[] enough to warrant release."

On June 18, 2020, Black mailed a motion entitled "Motion Adding Additional Information That Is Valu[]able in the Outcome of Defendant['s] Motion for the Covid-19 CARES Act and 18 U.S.C.[ Section] 3661 U.S. Supreme Court in *Pepper v. United States*," along with three exhibits and a certificate of service.  The exhibits included:  (1) a transcript of his inmate education data; (2) his inmate disciplinary log; and (3) a plan of what he intended to do his first thirty days out of prison.  In addition to providing information about the exhibits, the motion asked the district court to transport Black from prison to the courthouse for a colloquy under the Due Process Clause and the First Amendment or to hold a telephonic hearing because he did not "understand law terms" or "fully understand what the court [wa]s doing on behalf of [his] motions."  The motion also requested that the district court "review [Black's] request in favor of him in the light of good faith" and "in light of the circumstances in [his] case like mental health issues[,] learning ability[,] and the abuse that could hurt [his] understanding

which could lead to a discretion alleg[a]tion and . . . [Sixth] Amendment issues because [of his] mental health and learning ability." Ultimately, the motion sought to "change the out[]come" of the prior motion.

The district court construed Black's June 18, 2020 motion as a motion for reconsideration. On July 2, 2020, the district court denied the motion for reconsideration because it "d[id] not provide any legal basis for relief."

On August 9, 2020, Black mailed to the clerk of this Court a notice of appeal entitled "Motion of Appeal 18 U.S.C. [Section] 3582(c)(2) Covid-19 CARES Act and 18 U.S.C.[ Section] 3661 U.S. Supreme Court in *Pepper v. United States*." Along with the notice, Black included four items: (1) the order denying his motion for reconsideration; (2) his request to the warden for compassionate release and the warden's denial of the request; (3) Black's February 2016 radiology report; and (4) computation data for his sentence as of October 23, 2019.

The government opposed Black's appeal as untimely. It argued that, as to the May 8, 2020 order denying his requests for sentence reduction, home confinement, and compassionate release, Black had to act by May 22, 2020 but did not. *See* Fed. R. App. P. 4(b)(1)(A) (giving a criminal defendant fourteen days from the order being appealed in which to file a notice of appeal when the government does not appeal). By that date, the government asserted, he had to file his notice of appeal or, to toll the time for filing the notice, a motion for reconsideration. As to the July 2, 2020 order

denying reconsideration, the government maintained that Black's notice of appeal was also untimely.

In an order partly dismissing Black's appeal, we observed that, although rule 4(b)(1)(A) is a claims-processing rule, not a jurisdictional bar, we must apply its time limits when the government opposes an appeal as untimely. *See United States v. Lopez*, 562 F.3d 1309, 1314 (11th Cir. 2009). Because Black moved too late for reconsideration, *see United States v. Vicaria*, 963 F.2d 1412, 1414 (11th Cir. 1992), the time for filing the notice of appeal was not tolled. Accordingly, we dismissed Black's appeal as to the May 8, 2020 order. However, as to the July 2, 2020 order denying reconsideration, we remanded to the district court for the limited purpose of determining whether Black showed good cause or excusable neglect warranting an extension of time. *See* Fed. R. App. P. 4(b)(4) ("Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed [thirty] days from the expiration of the time otherwise prescribed by this [r]ule 4(b)."); *United States v. Ward*, 696 F.2d 1315, 1318 (11th Cir. 1983).

The district court determined that Black showed good cause for the late submission of his notice of appeal because he did not receive timely notice of the order denying reconsideration. Accordingly, we now entertain his appeal as to that order.

## STANDARD OF REVIEW

We review a district court's denial of a motion for reconsideration for an abuse of discretion. *United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir. 2018). "A district court abuses its discretion when it applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." *United States v. Puentes*, 803 F.3d 597, 605 n.2 (11th Cir. 2015) (alterations adopted). "When review is only for abuse of discretion, it means that the district court had a range of choice and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (internal quotation marks omitted).

"An issue raised for the first time on appeal is reviewed for plain error." *United States v. Spoerke*, 568 F.3d 1236, 1244 (11th Cir. 2009). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity[,] or public reputation of the judicial proceedings." *Id.* at 1244–45.

## DISCUSSION

Black presents a wide variety of reasons on appeal for why his sentence should be reduced, but his only argument that the district court erred when it denied his motion for reconsideration is

that he sought compassionate release under the catchall provision in the commentary to sentencing guideline 1B1.13.

We "permit[] motions for reconsideration in criminal cases notwithstanding the fact that the Federal Rules of Criminal Procedure do not expressly provide for them." *United States v. Phillips*, 597 F.3d 1190, 1199 (11th Cir. 2010). "A motion for reconsideration cannot be used to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment. This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quotations omitted). "Denial of a motion to [reconsider] is especially soundly exercised when a party gives no reason for not previously raising an issue." *Id.* (quotation omitted).

Black supported his motion for reconsideration with a transcript of the courses and tests he took in prison, a brief timeline of his disciplinary incidents in prison, and information about his anticipated first thirty days outside of prison. To an extent, he presented evidence in the motion that he already presented in his initial requests for sentence reduction, home confinement, and compassionate release. And he failed to explain why he could not have submitted the new evidence with the initial requests.

Black submitted transcripts with his initial requests and his motion for reconsideration. The transcript submitted with his initial requests was dated February 9, 2020 and showed that he was proficient in English but unsatisfactory in his General Educational

Development progress and, from February 2016 to October 2019, had taken twenty-three courses and eight tests. The transcript submitted with the motion for reconsideration, updated as of June 18, 2020, showed a change to satisfactory General Educational Development progress and the addition of eight courses (all self study) taken in April, May, and June 2020. Thus, the updated transcript offered some newly available evidence of Black's commitment to rehabilitation through education, but Black had already shown that he was taking courses in prison in his initial requests.

Black's disciplinary timeline, dated June 18, 2020, showed seven incidents: one in 2016, one in 2017, three in 2018, two in 2019, and none in 2020. The most common violation was refusing to obey an order (appearing six times in the timeline); the next most common violations were lying or falsifying a statement and being insolent to a staff member (appearing twice each). Black included the timeline as evidence that he was not a "real issue" for the prison staff and was not "making big mistakes" or "being a real threat to people around him." Even though the point of the timeline was to show the trouble Black was not getting into, he did not explain why he could not have submitted the timeline with his initial requests in April 2020, rather than his motion for reconsideration in June 2020, when the latest incident occurred in July 2019.

As to the information about Black's first thirty days after his release from prison, he gave details in his motion for reconsideration about the address where, and roommate with whom, he planned to live. He would live with a sister who, he claimed,

would take care of him regarding his mental health issues. Black had mentioned this same address and sister in his initial requests, in the context of having better odds getting through the pandemic at home with family than in prison. In the motion for reconsideration, Black also discussed some steps for getting benefits (such as food stamps) that he planned to follow. To the extent Black provided new facts about his post-prison plan in his motion for reconsideration, he did not explain why he could not have provided them earlier; he just said that he "added facts to [his] plan to show the [district] court [that he had] given real thought[] to what [he] plan[ned] to do" if the district court granted his release from prison.

In addition to presenting evidence that he already, or could have, presented, Black used his motion for reconsideration to argue an issue that he already argued: that his rehabilitation warranted release from prison. In his initial requests, Black argued that he "ha[d] rehabilitated and [wa]s still seeking help outside of prison," "ha[d] family and friends['] su[p]port if he gaine[d] release," and "ha[d] not [e]ngaged in violence in p[ri]son nor outside." He also cited *Pepper v. United States*, 562 U.S. 476 (2011), as support for the proposition that he could get a sentence reduction based on his rehabilitation in prison. The motion for reconsideration merely reiterates Black's rehabilitation argument. In the motion, Black claims that he is rehabilitating himself by making good use of educational opportunities, by avoiding violence and serious disciplinary incidents, and by thinking carefully about his future outside of prison and how his family will support him.

Black's motion for reconsideration impermissibly "relitigate[d] old matters." *Wilchombe*, 555 F.3d at 957. The district court correctly determined that the motion "d[id] not provide any legal basis for relief." The motion provided a factual, not legal, basis for relief, with "evidence that could have been raised"—and, in some instances, was raised—before. *Id.* Accordingly, the district court did not abuse its discretion when it denied the motion.

Even if, as Black argues for the first time on appeal, he sought relief in his motion for reconsideration under the sentencing guidelines' catchall provision for sentence reductions, that provision did not authorize the district court to consider reasons other than his medical condition, age, and family circumstances—the non-catchall grounds provided in the guidelines. *See* U.S.S.G. § 1B1.13 cmt. n.1; *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (explaining that the catchall provision "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence"); *see also United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). Arguments under the catchall provision should be addressed to the Director of the Bureau of Prisons, whom the provision authorizes to consider other reasons for sentence reduction—not to the district courts, which lack such authority.

Because the district court had no authority to consider other reasons under the catchall provision, the district court's failure to do so was not error at all, let alone plain error. *See Spoerke*, 568

F.3d at 1251 ("The plain error test is difficult to meet, and no error, plain or otherwise, occurred here." (cleaned up)).

**AFFIRMED.**[3]

---

[3] We also DENY Black's motion to appoint counsel.